IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION

ELECTRONICALLY FILED
10/30/2017
U.S. DISTRICT COURT
Northern District of WV

RITA LINDSAY,

    Plaintiff,

v.

DIGITS, LLC AND CASS, LLC,

    Defendants.

Civil Action No. 1:17-cv-190 (Keeley)
(Initial Case Intake: 5:17-cv-11111)

## COMPLAINT

In furtherance of this Complaint against Digits, LLC, d/b/a Digits Hot Spot, and Cass, LLC, d/b/a Michelle's Hot Spot, Rita Lindsay, by her counsel, states and alleges as follows:

### Parties

1. Rita Lindsay ("Plaintiff") is, and was at all times relative to her employment by the Defendants, a resident of Marion County, West Virginia.

2. The Plaintiff was an employee of Digits, LLC and Cass, LLC (collectively referred to as "Defendants") insofar as the term "employee" is defined for coverage under the Fair Labor Standards Act ("FLSA") and the West Virginia Wage Payment and Collection Act ("WVWPCA").

3. The Plaintiff was jointly employed by the Defendants.

4. Digits, LLC ("Digits") is a limited liability company that was formed in West Virginia and that maintains its principle place of business in Marion County, West Virginia.

5. Digits does business as Digits Hot Spot.

6. During the relevant timeframe, Digits was an "enterprise" as defined by 29 U.S.C. § 203(r)(1); moreover, during the relevant timeframe, Digits was an enterprise engaged in commerce, or in the production of goods for commerce within the meaning of 29 U.S.C. §

203(s)(1)(A), and, upon information and belief, Digits' annual gross volume of sales made or business done was not less than $500,000, exclusive of excise taxes.

7. During the relevant timeframe and in the course of her employment with Digits, the Plaintiff's work regularly involved her in interstate commerce, as Digits had two or more employees, including the Plaintiff, who handled goods that moved in interstate commerce.

8. During the relevant timeframe, Digits was a joint employer of the Plaintiff insofar as the term "employer" is defined by 29 U.S.C. § 203(d).

9. Cass, LLC ("Cass") is a limited liability company that was formed in West Virginia and that maintains its principle place of business in Marion County, West Virginia.

10. Cass does business as Michelle's Hot Spot.

11. During the relevant timeframe, Cass was an "enterprise" as defined by 29 U.S.C. § 203(r)(1); moreover, during the relevant timeframe, Cass was an enterprise engaged in commerce, or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A), and, upon information and belief, Cass's annual gross volume of sales made or business done was not less than $500,000, exclusive of excise taxes.

12. During the relevant timeframe and in the course of her employment with Cass, the Plaintiff's work regularly involved her in interstate commerce, as Cass had two or more employees, including the Plaintiff, who handled goods that moved in interstate commerce.

13. During the relevant timeframe, Cass was a joint employer of the Plaintiff insofar as the term "employer" is defined by 29 U.S.C. § 203(d).

14. The Defendants terminated the Plaintiff's employment on October 7, 2016.

**Jurisdiction and Venue**

15.     The Plaintiff hereby incorporates by reference all allegations and averments contained in Paragraphs 1 through 14 of this Complaint.

16.     This Court has jurisdiction over the Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331, arising under 29 U.S.C. §§ 207 and 216(b).  This Court has supplemental jurisdiction over the Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

17.     Venue is proper in this judicial district, as the facts and events giving rise to the Plaintiff's claims occurred in this judicial district, the Plaintiff currently resides in this judicial district, the Plaintiff resided in this judicial district at the time of her employment by the Defendants, and the Defendants maintained offices and transacted business within this judicial district during the timeframe covering their employment of the Plaintiff.

**First Cause of Action**
**Violation of the FLSA**
**Failure to Pay Overtime**

18.     The Plaintiff hereby incorporates by reference all allegations and averments contained in Paragraphs 1 through 17 of this Complaint.

19.     To the best of her recollection, during the course of her employment with the Defendants, the Plaintiff typically worked approximately 90 hours every two weeks at Digits Hot Spot and approximately 60 hours every two weeks at Michelle's Hot Spot.

20.     With regard to the Plaintiff's hours worked in excess of 40 in a workweek, the Defendants never compensated the Plaintiff at a rate of at least one and one-half times the regular hourly rate of pay at which she was employed.

21.     During the course of the Plaintiff's employment with the Defendants, the Defendants did not conspicuously post and keep posted any notice explaining the FLSA, as

prescribed by the Wage and Hour Division of the United States Department of Labor, at the establishments where the Plaintiff and other employees of the Defendants worked.

22. The Defendants violated the FLSA, 29 U.S.C. § 207, by failing to properly pay the Plaintiff, for hours worked in excess of 40 each workweek in which she worked such excess hours, at a rate of at least one and one-half times the regular hourly rate of pay at which she was employed.

23. The Defendants' failure to properly pay the Plaintiff overtime wages was a willful violation of the FLSA.

24. As a result of the Defendants' violation of the FLSA based upon their failure to properly pay the Plaintiff overtime pay to which she was entitled, the Plaintiff is entitled to back wages in the form of unpaid overtime pay owed to her, statutory interest, liquidated damages equal to the amount of back pay owed to her, and attorney's fees and costs relative to this claim.

**Second Cause of Action**
**Violation of the WVWPCA**
**Failure to Timely Pay All Wages Owed**

25. The Plaintiff hereby incorporates by reference all allegations and averments contained in Paragraphs 1 through 24 of this Complaint.

26. The Plaintiff's final paycheck for work she performed at Digits Hot Spot was dated October 19, 2016, and covered the period from October 2, 2016, through October 15, 2016.

27. The Plaintiff did not receive her final paycheck for the work she performed at Digits Hot Spot until October 26, 2016 -- seven days following the next regular payday after the Defendants terminated her employment.

28. The Plaintiff's final paycheck for work she performed at Michelle's Hot Spot was dated October 19, 2016, and covered the period from October 3, 2016, through October 16, 2016.

29. The Plaintiff did not receive her final paycheck for the work she performed at Michelle's Hot Spot until October 26, 2016 -- seven days following the next regular payday after the Defendants terminated her employment.

30. The Defendants had a duty under the WVWPCA to timely pay the Plaintiff all her wages owed in full following the Defendants' termination of the Plaintiff's employment.

31. The Defendants violated the WVWPCA, W. Va. Code §§ 21-5-1, *et seq.*, by breaching their duty under the WVWPCA to timely pay the Plaintiff all of her wages owed in full following the Defendants' termination of the Plaintiff's employment.

32. As a result of the Defendants' failure to timely pay the Plaintiff all wages owed, the Plaintiff is entitled to the proper relief afforded pursuant to W. Va. Code §§ 21-5-1, *et seq.*, including statutory interest, liquidated damages in the form of two times the amount of the wages owed but not timely paid to the Plaintiff, and attorney's fees and costs relative to this claim.

WHEREFORE, the Plaintiff prays for judgment against the Defendants as follows:

a. for damages set forth in this Complaint, including liquidated damages in connection with the Defendants' violation of the WVWPCA, as well as back wages in the form of unpaid overtime pay the Defendants owe to the Plaintiff and liquidated damages equal to the amount of back pay owed to the Plaintiff in connection with the Defendants' violation of the FLSA;

b. prejudgment interest as provided by the law;

c. interest on the judgment at the legal rate, accruing from the date of the judgment;

d. attorney fees and costs; and

e. such further relief as this Court may deem just and equitable.

THE PLAINTIFF DEMANDS A JURY TRIAL.

PLAINTIFF RITA LINDSAY,

By Counsel:

*s/ Matthew B. Hansberry*
Matthew B. Hansberry (WVSB #10128)
HANSBERRY LAW OFFICE, PLLC
1400 Johnson Avenue, Suite 4-P
Bridgeport, WV 26330
Email: hansberrylaw@gmail.com
Telephone: (304) 842-5135
Facsimile: (304) 842-0907